UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENA LAJUAN MARINO** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**SCOTT BESSENT, SECRETARY,** )<br>**UNITED STATES DEPARTMENT** )<br>**OF THE TREASURY,** )<br>)<br>**Defendants.** )<br>) | Case No. 25-cv-03884 (APM) |

## MEMORANDUM OPINION

Plaintiff Kena LaJuan Marino, proceeding pro se, brings false arrest and/or malicious prosecution claims against Defendant Scott Bessent, Secretary of the United States Department of the Treasury. Compl., ECF No. 1 [hereinafter Compl.], at 6. Because Plaintiff fails to raise a substantial federal question and the claims are patently frivolous, the court *sua sponte* dismisses the Complaint and this action.

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or "obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial, presenting no federal question suitable for decision.'" (internal quotation marks omitted) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))). Claims are insubstantial and frivolous if they are "essentially fictitious" because they advance, for example, "bizarre conspiracy theories." *Best*, 39 F.3d at 330

(internal quotation marks omitted).  In such cases, a district court may dismiss the case *sua sponte*. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008).

The court has reviewed Plaintiff's Complaint and finds it difficult to follow.  The Complaint proceeds in a stream-of-consciousness manner and alleges, among other things, "'systemic' misconduct," "national security risks," "C-19 conspiracies/discriminations," "inherita[n]ces interferences," "redistrictings," "Bills, briberies Acts," "Insurance Companies fraudulences, Privatizations."  Compl. 1.  Plaintiff also alludes to a conspiracy to promote "Powers" and "opportunistic accomplishments" at the "expense of innocent lives and liv[e]lihoods."  *Id*. at 2.  The Complaint otherwise lacks details sufficient to illuminate a claim.  Plaintiff seeks compensatory damages in the amount of $9.25 trillion and "Qualified immunities.  Restoration of birthrights sovereignties, generational wealth transfers."  *Id.* at 1.

The court is mindful that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But Plaintiff's claim is "patently insubstantial" and presents "no federal question suitable for decision."  *Best*, 39 F.3d at 330 (citations omitted).  Accordingly, the court dismisses the Complaint and this action for lack of subject matter jurisdiction.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated:  November 21, 2025

Amit P. Mehta
United States District Judge